IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KIMOND DAVIS                                                                         PLAINTIFF

v.                                    Civil No. 4:18-cv-04084

MS. LOIS WHITE, Supervisor Arkansas
Community Correction ("ACC"); MS.
SANDRA DAUZAT, ACC; ARKANSAS
PAROLE BOARD; and ARKANSAS
COMMUNITY CORRECTION                                                        DEFENDANTS

## ORDER

This is a civil rights action filed by Plaintiff Kimond Davis pursuant to 42 U.S.C. § 1983.

Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice

screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28

U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks

redress from a governmental entity or officer or employee of a governmental entity.

## BACKGROUND

Plaintiff filed his initial Complaint on May 22, 2018. (ECF No. 1). His application to

proceed *in forma pauperis* was granted that same day. (ECF No. 2). Plaintiff claims his

constitutional rights were violated when he was arrested on March 1, 2018, for a parole violation.

Plaintiff asserts that the "parole officer Ms. Dauzat and the Parole office did not follow the Parole

Guidelines[.]" (ECF No. 1, p. 3). He further alleges that he was not notified of his parole violation

within seventy-two hours of his arrest, that he did not "receive any paperwork" until April 16, 2018,

and that his parole revocation hearing was not held until April 20, 2018. *Id.* at 7. Plaintiff sues

Defendants in their individual and official capacities. Plaintiff seeks compensatory damages and

that all Defendants "that didn't perform their jobs properly" be fired. *Id.* at 9. Plaintiff is currently

incarcerated in the Miller County Detention Center awaiting trial on pending criminal charges. (ECF No. 1, p. 5).

## LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## DISCUSSION

The claims against the Arkansas Parole Board and Arkansas Community Correction are subject to dismissal because these entities are immune from suit. These Defendants are agencies of the State of Arkansas and as such Plaintiff's claims are claims against the State. Claims against the State or Arkansas are barred by the Eleventh Amendment. *See Campbell v. Ark. Dep't of Corr.*, 155 F.3d 950, 962 (8th Cir. 1998) (the ADC is entitled to sovereign immunity); *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 743-44 (8th Cir. 1998) (Eleventh Amendment immunity bars §

1983 lawsuit against state agency or state official in official capacity even if state entity is the moving force behind deprivation of federal rights); Ark. Code Ann. § 16–93–201 (2007) (The Arkansas Parole Board is a state agency created by the Arkansas General Assembly).

Accordingly, all claims against the Arkansas Parole Board and Arkansas Community Correction should be dismissed.

**CONCLUSION**

For the foregoing reasons, Plaintiff's claims against the Arkansas Parole Board and Arkansas Community Correction are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A(b). Plaintiff's claims against Defendants Sandra Dauzat and Lois White remain for further adjudication.

**IT IS SO ORDERED**, this 20th day of June 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge