IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KIMOND DAVIS                                                    PLAINTIFF

v.                              Civil No. 4:18-cv-04084

MS. LOIS WHITE, Supervisor Arkansas
Community Correction ("ACC"); and MS.
SANDRA DAUZAT, ACC                                            DEFENDANTS

**ORDER**

    Plaintiff Kimond Davis filed this 42 U.S.C. § 1983 action *pro se* and *in forma pauperis* on May 22, 2018. (ECF No. 1). Before the Court is Plaintiff's failure to keep the Court informed of his current address.

    Plaintiff's application to proceed *in forma pauperis* ("IFP") was granted on May 22, 2018. (ECF No. 3). Plaintiff was informed that he must keep the Court apprised of his current address and that failure to do so would subject this matter to dismissal. On May 31, 2018, mail sent to Plaintiff at his address of record at the Miller County Correctional Facility, 2300 East Street, Texarkana, Arkansas 71854 was returned as undeliverable. (ECF No. 9).[1] More than thirty days has passed since the mail was returned and Plaintiff has not informed the Court of his current address.

    Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to

---

[1] Mail sent to Plaintiff was also returned on July 2, 2018, July 9, 2018, and August 6, 2018.

within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to keep the Court informed of his current address. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 13th day of August 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge